# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION     )<br>OF THE UNITED STATES OF AMERICA    )<br>FOR AN ORDER AUTHORIZING THE     )<br>MONITORING OF MOBILE TRACKING   )<br>DEVICE ASSIGNED TO CELLULAR     )<br>TELEPHONE NUMBER [REDACTED]     )<br>———————————————————)<br>    )<br>IN THE MATTER OF THE SEARCH OF THE  )<br>CELLULAR TELEPHONE ASSIGNED    )<br>CALL NUMBER [REDACTED]     )<br>———————————————————) | Case No. 15-M-6287-01-GEB<br><br><br><br><br>Case No. 16-M-6147-01-GEB |

## MEMORANDUM AND ORDER
## DENYING REQUEST FOR DELAY OF SERVICE NOTIFICATION

This matter is before the Court on the United States' Request for Delay of Service Notification Filed Out of Time (No. 15-M-6287-01-GEB, ECF No. 11; No. 16-M-6147-01-GEB, ECF No. 3) in the above-captioned sealed matters. For each case, the government makes out-of-time requests for orders authorizing a 90–day delay in service of notice of the execution of warrants authorizing the acquisition of location data concerning cellular telephones, pursuant to Fed. R. Crim. P. 41(f)(3), 18 U.S.C. § 2705, and 18 U.S.C. § 3103a(c). Although the government seeks an order regarding two separate cellular telephone numbers, it submitted one Request outlining the factual backgrounds related to each, and a single argument section pertaining to both cases. The first cellular telephone with call number [REDACTED] in Case No. 15-M-6287-01-GEB will be referred to as "Target Telephone 1". The second cellular telephone with call number [REDACTED] in Case No. 16-M-6147-01-GEB will be referred to as "Target

Telephone 2".  For the reasons set forth below, the Request is **DENIED**.

## I.      Background

The relevant facts, summarized below, have been gleaned from the government's Request and from the Court's review of the electronic docket.

### 15-M-6287-01-GEB:  Target Telephone 1

On December 16, 2015, the government filed an application and the undersigned Magistrate Judge issued an Order (ECF No. 2) authorizing the monitoring of mobile tracking device features on Target Telephone 1, which initiated Case No. 15-M-6287-01-GEB.  The Order authorized the use of mobile tracking device features for a period of 30 days, and then authorized a delay of service notification.  Law enforcement executed the warrant and received location data.  Subsequent orders authorizing the government to delay service notification for an additional 90 days were filed on February 12, 2016 (ECF No. 4); May 5, 2016 (ECF No. 6); August 4, 2016 (ECF No. 8); and October 24, 2016 (ECF No. 10).  Pursuant to the most recent order, notice should have been served on the owner of Target Telephone 1 by January 23, 2017.  The government candidly admits, due to its error, notice was not served.

### 16-M-6147-01-GEB:  Target Telephone 2

As the government's investigation continued, on October 6, 2016, the undersigned Magistrate Judge signed a search warrant for Target Telephone 2 (ECF No. 2) and Case No. 16-M-6147-01-GEB was filed.  The warrant authorized the seizure of all precise location information about the phone, for a period of thirty (30) days, and delayed notice

of the warrant until 30 days after the collection authorized by the warrant was completed. Law enforcement executed the warrant and received location data beginning on October 6, 2016.  At the end of 30 days, no additional request was made for Target Telephone 2 because, according to the government, its use by the target suspect was discontinued.

The government reveals notice should have been served on the owner of Target Telephone 2 by December 5, 2016.  However, due to the government's admitted error, notice was never served.  The government contends, although Target Telephone 2 was not in use from mid-October 2016 to mid-January 2017, it is currently being used by another suspect, and there is probable cause to believe it is being used to commit violations of federal law.  On February 7, 2017, Chief Judge J. Thomas Marten signed an order authorizing the interception of wire and electronic communications from the same cellular phone (*see* Case No. 16-cm-60077-JTM, *sealed*).[1]

**<u>Both Target Telephones</u>**

The ongoing criminal investigation, which forms the basis of both sealed matters and the government's current request, involves both cellular phones, and the individuals utilizing both phones are believed to be criminal associates.  The investigation targets a large drug trafficking enterprise involving the users of the target telephones and multiple other individuals.  Investigators believe if any members of the criminal association became aware of the use of cellular phone technology to obtain evidence, it is likely all members of the organization would discard or change their phones, which would

---

[1] It is unknown whether the government disclosed to Chief Judge Marten the notification deadline had expired.

seriously jeopardize the larger investigation.

To date, the government has not provided notice to the owners of either target phone,[2] and now asks that the notification requirement be delayed for 90 additional days, measured from the date of the request (and presumably the date of any order granting the request), which was February 15, 2017.

## II.   Relevant Authority

The Federal Rules of Criminal Procedure and other federal statutes are implicated in the review of a request for delayed notification.  Additionally, because the government claims the belated nature of its request should be excused, federal case law provides guidance to evaluate whether the government's delay is excusable.  Each body of authority is briefly addressed.

### **<u>Federal Law Permitting Delayed Notice</u>**

The authorities by which the government may seek delayed notification are long-standing and there is no question regarding their application.  As a starting point, Federal Rule of Criminal Procedure 41(f) provides guidelines for the execution and return of authorized search and tracking warrants.  Rule 41(f)(2)(C) requires the executing officer to serve a copy of the warrant on a person whose property was tracked within 10 days after tracking or data collection has ended.  However, upon the government's request, Rule 41(f)(3) permits the court to delay any notice required under Rule 41 if the delay is

---

[2] The government also discovered notice was not timely given on another target cellular phone involved in the investigation.  The investigatory agency provided notice to the owner, and that particular phone is not a subject of the government's current request for extension.

authorized by statute.  Here, the government asks the Court to authorize a delay under 18 U.S.C. § 3103a.

Under 18 U.S.C. § 3103a, the court may issue a warrant "to search for and seize any property or material that constitutes evidence of a criminal offense in violation of any" federal laws.[3]  Section 3013a(b)(1) permits any notice required for such a warrant, or a warrant issued under any other law, to "be delayed if the court finds reasonable cause to believe that providing immediate notification of the execution of the warrant may have an adverse result (as defined in 18 U.S.C. § 2705. . .)."  Although § 3103a(b)(3) requires "notice within a reasonable period not to exceed 30 days after the date of execution," 3103a(c) allows the court to extend the period of delay "for good cause shown, subject to the condition that extensions should only be granted upon an updated showing of the need for further delay and that each additional delay should be limited to periods of 90 days or less, unless the facts of the case justify a longer period of delay."

Invoked in 18 U.S.C. § 3103a is the definition of "adverse result" found in 18 U.S.C. § 2705(a)(2).  This statute permits a governmental entity to delay notification and specifically defines the "adverse results" which could support a delay.  An adverse result under § 2705 (and § 3013a) includes, among other potential concerns, "seriously jeopardizing an investigation."[4]

**Excusable Neglect**

The government appropriately described its deadlines for notification under the

---

[3] 18 U.S.C. § 3103a(a).
[4] 18 U.S.C. 2705(a)(2)(E).

above-referenced statutes, but admits it seeks delayed notification on a belated basis, as contemplated by Fed. R. Crim. P. 45.  Under Rule 45(b)(1)(B), the court may extend the time for any required act on a motion made "after the time expires if the party failed to act because of excusable neglect."

Although reviewed in the context of a bankruptcy action, the seminal case examining the issue of "excusable neglect" is the U.S. Supreme Court case of *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership* ("*Pioneer*").[5] Courts in this district and the Tenth Circuit Court of Appeals have extended the Supreme Court's analysis in *Pioneer* to criminal matters.[6]  In *Pioneer*, the Court acknowledged the ordinary meaning of "neglect" is "'to give little attention or respect' to a matter, or . . . 'to leave undone or unattended to *esp[ecially] through carelessness*.'"[7]  Although inadvertence, ignorance of the rules, or mistakes in construing the rules do not usually comprise excusable neglect, it "is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."[8]

A decision regarding whether excusable neglect exists "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[9]

---

[5] 507 U.S. 380 (1993) (examined in *In the Matter of the Application of the U.S. for a Warrant Authorizing*, ("*In re Delayed Notice*"), No. 14-MJ-8116-TJJ, 2015 WL 667923, at *3 (D. Kan. Feb. 13, 2015)).

[6] *In re Delayed Notice*, 2015 WL 667923, at *3 (citing, *e.g.*, *United States v. Holliday,* No. 12–20141–09–KHV, 2013 WL 6498984, at *3 (D. Kan. Dec. 11, 2013); *United States v. Meacham,* No. 07–10053–01, 2007 WL 3171773, at *2 (D. Kan. Oct. 25, 2007)).  *See also United States v. Torres,* 372 F.3d 1159, 1163 (10th Cir. 2004) (examining "excusable neglect" where a criminal defendant sought to file an untimely notice of appeal).

[7] *In re Delayed Notice*, 2015 WL 667923, at *3 (citing *Pioneer*, 507 U.S. at 388 (quoting *Webster's Ninth New Collegiate Dictionary* 791 (1983))).

[8] *Id.* (citing *Pioneer*, 507 U.S. at 392 (internal citations omitted)).

[9] *Id.*  (citing *Pioneer*, 507 U.S. at 395).

The moving party shoulders the burden of proof to demonstrate excusable neglect, and courts must examine the following four factors to determine whether the moving party has met its burden:

> (1) the danger of prejudice to the nonmoving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for that delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.[10]

Among the factors analyzed by the court, the excuse given for the delay is of utmost importance.[11]  The court may also "take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake."[12]

### Recent District Guidance

Recently, the concept of "excusable neglect" in the context of a delayed warrant notification was examined in depth in the District of Kansas in *In the Matter of the Application of the U.S. for a Warrant*, No. 14-MJ-8116-TJJ.[13]  In her 2015 opinion, U.S. Magistrate Judge Teresa J. James was similarly faced with two motions by the government for delayed notice of the execution of warrants authorizing the acquisition of location data concerning cellular telephones.  In both motions, the government admitted

---

[10] *Id*. (citing *Pioneer*, 507 U.S. at 395; *Holliday,* 2013 WL 6498984, at *3).

[11]  *Torres,* 372 F.3d at 1163 (citing *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

[12]  *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005) (citing *Hancock v. City of Okla. City,* 857 F.2d 1394, 1396 (10th Cir.1988)). *See also Doran Law Office v. Stonehouse Rentals, Inc.*, No. 15-3303, 2017 WL 474323, at *3 (10th Cir. Feb. 6, 2017) ("Nor was this an isolated incident, as it was in *Jennings v. Rivers*").

[13]  *In re Delayed Notice*, 2015 WL 667923.

its belated requests occurred "due to a calendaring oversight."[14]  When analyzing the four

factors set out in *Pioneer*, the court found two factors weighed in favor of the

government:  it found little danger of prejudice to the non-moving parties,[15] and the

government presented the motions to the court in good faith.[16]  However, the court was

troubled by the length of the government's delay, and most importantly, the reason for

the delay.

Although Judge James noted a calendaring error would appear, on its face, to "fall

in line" with district precedent generally excusing clerical calendaring errors,[17] it found

the delay completely within the government's control.  Most glaringly, the error was not

"an *isolated* instance of the government failing to timely file a motion for extension of

delay notice."[18]  Rather, the court outlined that, in its independent research, it unearthed

numerous instances of similar untimely requests to this district, albeit the Kansas City,

Kansas division.  Judge James noted:

> . . . when a situation develops where missed deadlines are not a rare event
> but rather are something of a regular occurrence, clearly there is a much
> greater systemic problem at issue. Stated another way, when deadlines such
> as these repeatedly are overlooked and missed, it suggests an indifference
> and willful disregard by the government toward the statutory notice
> requirements.[19]

After examining the *Pioneer* factors and the court's role in reviewing delayed

notice, and noting that this district has a disproportionately high number of delayed notice

---

[14] *Id*. at *2.

[15] *Id*. at *4.

[16] *Id*. at *7-8.

[17] *Id*. at *6 (citing *Mohankumar v. Dunn*, No. 97–1555–WEB, 1999 WL 1253053 (D. Kan. Dec. 22, 1999); and *Espy v. Mformation Technologies,* No. 08–2211–EFM-DWB, 2009 WL 2912506 (D. Kan. Sept. 9, 2009)).

[18] *Id*. at *6 (emphasis added).

[19] *Id*. at *7.

applications, Judge James finally concluded the government barely met its burden to demonstrate excusable neglect and decided to grant the government's motions. However, she very clearly articulated the court's expectation that the "government will no longer miss its statutory deadlines to seek extensions of delay orders."[20]  Judge James held, if an "exceptional circumstance" should arise when the government misses a deadline and must file a belated request for delayed notice, the motion must:

> (1) state in the title that it is being filed out of time; (2) recite the chronology of the initial delayed notice deadline and each subsequent deadline, motion and order for extension; and (3) explain the reason for the failure to meet the deadline—simply noting a calendaring error will not be sufficient—so as to satisfy the excusable neglect standard.[21]

The order concluded with the following admonition, in bold print:

> **Now that the government's awareness of these delinquencies is a matter of record and the Court has provided instruction for future filings, the Court expects the government to be more diligent and puts the government on notice that future missed deadlines in delay orders are much less likely to be viewed as excusable neglect.**[22]

It is under this framework that this Court now turns to analysis of the government's current out-of-time requests.

## III.   Discussion

The government contends, had it complied with the statutory deadlines for each warrant, its motions would have shown good cause to justify the 90-day delays.  On the date of each missed deadline, the investigation of the drug trafficking enterprise was active and progressing, and notice to the phone subscribers would have jeopardized the

---

[20] *Id*. at *9.

[21] *Id*.

[22] *Id*. (emphasis in original).

ongoing investigation.  Because any timely motion would likely have been granted, the government claims its calendaring error should constitute excusable neglect.

The Court examines the four factors articulated in *Pioneer* to determine whether the government has met its burden to show excusable neglect.  Each factor is addressed below.

### 1.    Prejudice to Non-Moving Party

First, the Court analyzes the danger of prejudice to the nonmoving party.  The government contends no prejudice exists, because notice either now, or on the dates notice was required, would seriously jeopardize the ongoing criminal investigation. Because requests to delay notification would have likely been granted, had they been timely filed, there is little danger of prejudice to the cellular subscribers of either telephone.

At the outset, the Court is reluctant to adopt what it views as a "no harm, no foul" attitude toward the government's statutory duty of notification.  As demonstrated by Judge James, the government frequently obtains multiple extensions of delayed notice "merely by reciting in conclusory fashion the same words, that immediate service of a notice of the execution of the warrant would 'seriously jeopardize an ongoing investigation.'"[23]  The low threshold for approval seems contradictory to the underlying purpose of the required notice and the Court will not discount the harm—albeit unknown—to the person who is blissfully unaware his/her cellular phone is the subject of

---

[23] *In re Delayed Notice*, 2015 WL 667923, at *8 (discussing the "proliferation of Section 3103a warrants and extensions thereof").

electronic tracking.  Although, in this instance, this Court reluctantly agrees this *harm* may not equate to actual *prejudice*, the Court acknowledges the need for increased vigilance on the part of the judiciary.[24]

Reticence aside, based upon the government's current application and thorough description of the facts, it is apparent the drug trafficking investigation was ongoing during the required notification timeframes, and remains ongoing.  Notice of warrants on the required dates could have had the adverse result of "seriously jeopardizing an investigation."[25]  Had the government timely requested extensions of the notice period, including the facts recited in its current requests, the Court is likely to have granted them. Therefore, the granting of the belated requests is unlikely to truly prejudice the cellular phone subscribers, and this factor weighs in favor of the government.

### 2.    Length of Delay and Its Potential Impact on Judicial Proceedings

The Court must next consider the length of the delay and its potential impact on judicial proceedings.  The length of the delay is not a minimal amount, such as a situation where a missed deadline was recognized within a day or two.  On the contrary, the government disclosed that the notification on Target Telephone 1 was due on January 23, 2017, making the request **22 days late**, and the notice on Target Telephone 2 was due on December 5, 2016, making the request **71 days late**.

Despite what this Court views as the significant lengths of delay, there is no formal judicial proceeding (such as a trial) in place at this time, which creates some

---

[24] *Id*. (discussing the "low threshold" for approval of extensions and the "increased need for vigilance on the part of the judiciary").
[25] *See* 18 U.S.C. 2705(a)(2)(E).

uncertainty in applying this factor to a delayed notice situation.  In fact, Judge James questioned "whether the impact of delay on the judicial proceedings is a relevant factor to consider in this instance, where there are no pending criminal charges against a defendant."[26]  However, this Court agrees with Judge James that to fail to consider the lack of impact of delay, simply because there is no other pending judicial proceeding, would be "counterintuitive and lead to an absurd result"[27]  The Court does not wish to turn a blind eye to the government's statutory duty to seek an extension.

Additionally, although the government describes the adverse impact notification would have on its larger investigation, and the Court is sensitive to its concern, the investigation and data-gathering regarding both Target Telephones has assumedly continued pending resolution of the government's request. And, when combining the existing delay with the time period between the government's submission of its request and the filing of this opinion, the government has been afforded even more deferral of the statutorily-required notice simply as a result of motion practice.[28]  Because the length of the delays is not minor, the Court finds this factor weighs against the government.

### 3.    The Reason for Delay, Including Whether It Was Within the Reasonable Control of the Movant

The Court is the most troubled with this factor, which has been cited as the "most important factor in the excusable neglect analysis."[29]  The government candidly admits

---

[26] *In re Delayed Notice*, 2015 WL 667923, at *9 n. 40.

[27] *Id*. at *5.

[28] For example, at the time of the filing of this order, the time of the delay for Target Telephone 1 has increased to 66 days; the delay on Target Telephone 2 is now approximately 115 days.

[29] *In re Delayed Notice*, 2015 WL 667923, at *6 (citing *Scott v. Power Plant Maint. Specialists,*

the missed deadlines were within its reasonable control.  However, it asks the Court to be more forgiving of this clerical calendaring error, citing a previous ruling in this district which recognizes courts are generally "more forgiving of missed deadlines caused by clerical calendaring errors . . . [and] less forgiving when missed deadlines occur because of poor lawyering, e.g., where counsel misconstrues or misinterprets the rules or law or makes poor tactical decisions."[30]

But this Court cannot ignore the clear directive provided by Judge James in her 2015 order.  Although the Court recognizes mistakes will happen, human error cannot be eradicated, and the sincerity with which the government admitted its mistake, the government has not provided any rationale by which this Court can distinguish this case from the earlier order.  And although Judge James ultimately granted the delayed notification at issue in that case, her instructions to the government were clear:  this was, for all intents and purposes, the government's final warning.  The government has now been "on notice" for two years that a calendaring error, absent some other exceptional circumstance, will not meet the government's burden to demonstrate excusable neglect. Therefore, this factor weighs against the government.

### 4.     Whether the movant acted in good faith.

As described above, the Court does not question the motive or intent of the Assistant U.S. Attorney who filed the request for delayed notification.  The Court is

---

*Inc.,* No. 09–CV–2591–KHV, 2010 WL 1881058, at *2 (D. Kan. May 10, 2010)). *See also supra* note 10 and accompanying text.

[30] *See* Govt.'s Request, (No. 15-M-6287-01-GEB, ECF No. 11; No. 16-M-6147-01-GEB, ECF No. 3) at 12-13 (citing *In re Delayed Notice*, 2015 WL 667923, at *6 (citing *Scott,* No. 09–CV–2591–KHV, 2010 WL 1881058, at *2 (internal citations omitted)).

cognizant of the fact that the government, in its current Request, clearly heeded most requirements from Judge James' 2015 order.  The Request noted, in its title, it was being filed out of time, and the attorney seeking the delay met personally with the undersigned to discuss the filing.  Counsel was forthright, sincere, and honest about the circumstances surrounding the request, and the Court does not doubt that the delays in notification resulted from human error.  There is no indication whatsoever that the failure to meet the deadline was a result of poor lawyering or any nefarious tactical decision on the part of the government or the law enforcement agency involved.   Finding good faith on the part of the government, this factor weighs in the government's favor.

## IV.    Conclusion

As analyzed above, the Court finds the "excusable neglect" factors articulated in *Pioneer* are evenly split.  Additionally, the government displayed candor and attempted to comply with the requirements set out in Judge James' earlier opinion.  However, the most important of the factors—reason for delay and its control by the movant—weighs against the government, and heavily influences this Court's decision.

Although Judge James' earlier order revealed the incidences of out-of-time requests specific to the Kansas City office,[31] she did not narrow her admonishment to the Kansas City division; rather, her bold print generally notifies "the government"—three times—of  the Court's future expectations.  The District of Kansas is, after all, a <u>single</u> district in which a consistent standard must be enforced.  Therefore, the Court considers

---

[31] *In re Delayed Notice*, 2015 WL 667923, at *6 (revealing at least 18 occasions in the two prior years in which the government filed delinquent requests for such extensions, all of which were filed in the Kansas City division of the District of Kansas).

the U.S. Attorney's office at Wichita to also have been on formal notice, since February 2015, that future missed deadlines will not result in rubber-stamping of untimely requests. The 2015 order clearly notified the government that "simply noting a calendaring error will not be sufficient" to satisfy the excusable neglect standard,[32] and suggested in the future, only exceptional circumstances—not simple calendar error—would support a finding of excusable neglect. Because the government supplies no basis for its significant delay aside from calendaring error, the Court finds it has failed to meet its burden to demonstrate its neglect was, in fact, excusable. Combined with the additional delay afforded to the government by virtue of motion practice, and the Court's desire to enforce a district-wide standard, reluctantly but necessarily, the government's request is denied.

**IT IS THEREFORE ORDERED** that the Request for Delay of Service Notification (No. 15-M-6287-01-GEB, ECF No. 11; No. 16-M-6147-01-GEB, ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that, in order to permit access to this Order, each case herein will be unsealed for the sole purpose of allowing for access to a redacted version of this Order. However, **all documents** filed in each case subsequent to this Order **shall be filed under seal** until further order of this Court. Because the documents in each matter discuss an ongoing larger criminal investigation that is neither public nor known to all of the targets of the investigation, the Court finds good cause to continue to

---

[32] *Id*. at *9.

15

seal the documents in order to minimize any harm to the investigation.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 31st day of March, 2017.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge